**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RAYMOND BLACHER** | **CIVIL ACTION NO. 3:26-1686** |
| | **SECTION P** |
| **VS.** | **JUDGE TERRY A. DOUGHTY** |
| **JOHNNY HEDGEMON** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Raymond Blacher, a prisoner at Riverbend Detention Center proceeding pro se and in forma pauperis, filed the instant petition for mandamus relief on approximately May 19, 2026. Petitioner names Warden Johnny Hedgemon as respondent.[1] For reasons that follow, the Court should dismiss this petition.

## Background

Petitioner filed a lawsuit concerning his conditions of confinement, lack of medical care, and erroneous calculation of his "time to be served" before the 19th Judicial District Court on February 17, 2026, pursuant to steps in an administrative remedy procedure. [doc. # 1, p. 1]. He is attempting to exhaust all his administrative remedies. [doc. # 1, p. 1]. He maintains, however, that the state court has not responded to his lawsuit.[2] *Id.*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

[2] Petitioner has a pending lawsuit under Section 1983 before this Court, which concerns his alleged lack of medical care. *Blacher v. Hedgemon*, 3:26-cv-3586 (W.D. La. March 19, 2026).

Here, Petitioner appears to ask this Court to order the state court to address his lawsuit, noting that more than sixty days have passed since he filed in state court. [doc. # 1, p. 2].

## **Law and Analysis**

"Although the writ of mandamus was abolished by Fed.R.Civ.P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651." *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973). "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye*, 474 F.2d at 1275.

Here, the Court lacks jurisdiction to grant the only relief Petitioner seeks: an order forcing the state trial court to adjudicate his lawsuit. See *Sepeda v. Rex*, 72 F. App'x 215 (5th Cir. 2003) (holding that "the district court lacked jurisdiction to order the state courts to assist Sepeda in executing a state court judgment . . . ."); *Rhodes v. Keller*, 77 F. App'x 261 (5th Cir. 2003) ("The district court was within its authority to construe Rhodes' complaint as a petition for a writ of mandamus because Rhodes is merely seeking to have the federal court direct the state court to perform its duties as he wishes.").[3]

[3] *See also Gowan v. Keller*, 471 F. App'x 288, 289 (5th Cir. 2012) ("To the extent that Gowan is seeking to have the federal court direct the state court to perform its duties as he wishes, his pleadings were properly construed as a petition for mandamus relief."); *Nowlin v. Stephens*, 548 F. App'x 286, 287 (5th Cir. 2013) (finding that the federal district court properly construed the following as a mandamus petition: petitioner's request to order the state's highest court to, in turn, order the state trial court to "file his postconviction application and brief that it had refused

"[A]bsent a specific delegation[,] federal district court[s], as court[s] of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or nullify final order[s] of state court[s]." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994). Plaintiff should raise his concerns before the Louisiana courts. *See generally Alexander v. State of Mississippi*, 655 F. App'x 989, 992 (5th Cir. 2016) ("As to Alexander's due process claim arising from a state judge's alleged refusal to comply with a state court judgment, the plaintiff can seek a writ of mandamus in the state court of appeals.").

## Recommendation

Accordingly, **IT IS RECOMMENDED** that Petitioner Raymond Blacher's petition be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See***

---

to file . . . ."); *Prestenbach v. Louisiana*, 2008 WL 5391994, at *1 (E.D. La. Dec. 19, 2008) (holding that the court had "no power" to order a state appellate court to provide the plaintiff "ruling on issues surrounding his pretrial commitment . . . .").

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge